IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELVIN MCCLAIN,

              Plaintiff,

v.

ATLANTA PUBLIC SCHOOLS, et al.,

              Defendants.

1:14-cv-2064-WSD

**OPINION AND ORDER**

This matter is before the Court on the required frivolity review of Plaintiff Melvin McClain's ("Plaintiff") First Amended Complaint [13] ("Amended Complaint") under 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

    A.   Facts

Plaintiff alleges he was a tenured grade teacher at University Community Academy ("UCA") during the 2009-2010 school year when, in 2010, news broke about possible cheating on state standardized tests. (Am. Compl. ¶¶ 6, 8). In February 2010, Georgia's Office of Student Achievement ("GOSA") published a report concluding that a number of Atlanta Public Schools ("APS"), including UCA, showed a significant number of wrong-to-right erasures on answer sheets for

the state-wide standardized tests. (Id. ¶¶ 8-9). These erasures were suggestive of cheating.

The Governor of Georgia initiated a special investigation into the erasures. (Id. ¶ 10). The investigation included interviews with Plaintiff and other teachers and administrators at UCA. In 2010, APS's then school superintendent, Dr. Beverly Hall, submitted Plaintiff's name to Georgia's Office of Professional Standards ("PSC"). (Id. ¶¶ 11-13). According to Plaintiff, Hall identified Plaintiff as a teacher who may have committed an "ethical violation." (Id. ¶ 13). The PSC case against Plaintiff currently is pending. (Id.).

Despite this ongoing investigation, Plaintiff secured an employment contract with UCA for the 2011-2012 school year. He was hired to teach eighth grade social studies and guaranteed a salary of $63,000. (Id. ¶ 15). Plaintiff claims that, on or about June 11, 2011, state investigators published a report, without Plaintiff's consent, stating that "Melvin McClain . . . cheated on the [standardized test]." (Id. ¶ 16). On August 8, Plaintiff was placed on unpaid leave pending the UCA Board of Directors' (the "Board") investigation into the allegations in the report. (Id. ¶ 19).

Plaintiff alleges that, in a letter dated August 12, 2011, and without a due process hearing, Derwin Henderson, the chairman of the Board, terminated his employment.  (Id. ¶ 21).  He claims that, as a tenured teacher, he had a right to a due process hearing under state and federal laws before UCA terminated his contract.  (Id.).  Plaintiff urged the Board to reconsider its decision.  The Board denied his request, and he has remained unemployed since that time.  (Id. ¶¶ 14, 23).

B.   Procedural History

On October 12, 2011, Plaintiff filed a complaint in the Fulton County Superior Court, alleging breach of contract, wrongful termination, fraud, and due process violations stemming from the termination of his 2011-2012 teaching contract.  (Id. ¶ 24).  On July 16, 2012, the state court granted UCA and the Board's motion for summary judgment.  (Id. ¶ 25, Ex. D).  The Georgia Court of Appeals affirmed, and the Georgia Supreme Court denied Plaintiff's petition for writ of certiorari.  (Id. ¶ 26, Ex. E).

On June 30, 2014, Plaintiff, through counsel, filed an application for leave to proceed *in forma pauperis* [1] ("IFP") to prosecute this action.  On July 2, 2014, District Judge Amy Totenberg granted Plaintiff's IFP application, and on

3

July 2, 2014, Plaintiff filed his original complaint [3] ("Original Complaint") against Atlanta Public Schools, UCA, Derwin Henderson, and the State of Georgia (together, "Defendants"). Plaintiff asserts claims under 42 U.S.C. § 1983 for violations "of his federal due process, equal protection, privacy and contract rights." (Id. ¶ 28). He also claims that the Georgia Fair Dismissal Act (the "Act"), O.C.G.A. Section 20-2-940 *et seq.*, is "unconstitutionally vague to the extent it did not apply to public chartered school teachers." (Id. at 7-8). Plaintiff did not allege in the Original Complaint that he had brought state court actions regarding his terminated employment at UCA.

On September 23, 2014, Judge Totenberg dismissed [4] this action without prejudice after her frivolity review under 28 U.S.C. § 1915(e)(2). The Judge found that Plaintiff's Section 1983 claims are time-barred by Georgia's two-year statute of limitations. (Order, Sep. 23, 2014, at 5). She also did not find credible Plaintiff's claim that the Act is unconstitutionally vague, and found further that Plaintiff's claim of unconstitutionality also was time-barred. (Id. at 6-7).

On October 3, 2014, Plaintiff filed his motion for reconsideration [6]. In it, Plaintiff, for the first time, disclosed the state court action he had in the Fulton County Superior Court. On November 25, 2014, Judge Totenberg granted

Plaintiff's motion for reconsideration in light of this new information, finding that the statute of limitations began to run on his due process claim after the Georgia Supreme Court denied certiorari in January 2014, and this case, filed in June, was timely. (Order, Nov. 25, 2014, [7] at 2).[1] The Judge directed Plaintiff to file an amended complaint. (Id. at 3).

On December 17, 2015, Plaintiff filed his Amended Complaint. In it, he includes information regarding his state court action. (Am. Compl. ¶¶ 24-27). The remaining claims appear to be identical to the allegations in his Original Complaint. On April 10, 2015, Judge Totenberg recused from the case [14], and the case was reassigned to Judge Eleanor L. Ross, who also recused [15]. On April 17, 2015, the case was reassigned to this Court.

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious, or that it fails to state a claim

---

[1] Judge Totenberg noted that "Plaintiff's claims other than his procedural due process claim still appear to be barred by the statute of limitations," and cautioned Plaintiff that Defendants may be entitled to attorney's fees if Plaintiff's claims are found to be frivolous. (Id. at 2-3).

on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

  Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v.Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the

complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

    B.    Analysis

Plaintiff's Amended Complaint must be dismissed because the claims are barred by *res judicata*, and therefore are frivolous. "*Res judicata*, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy." In re Atlanta Retail, Inc., 456 F.3d 1277, 1284 (11th Cir. 2006). "Under the Full Faith and Credit Act, a federal court is required to give *res judicata* effect to state court judgments only to the extent that the courts of the state in which the judgment was entered would do so." Endsley v. City of Macon, 321 F. App'x 811, 813 (11th Cir. 2008) (citing Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1473 (11th Cir. 1985)). "Section 1983 . . . does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on his state claims and then turn to federal court for adjudication of his federal claims." Id. (citing Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 85 (1984)).

7

> Under Georgia state law,
>
> > A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

O.C.G.A. § 9-12-40. "A party seeking to invoke *res judicata* on the basis of a prior judgment under Georgia law must establish three prerequisites: (1) identity of the parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." Endsley, 321 F. App'x at 813 (citing Akin v. PAFEC Ltd., 991 F.2d 1550, 1556 (11th Cir. 1993)).

Under Georgia law, all claims for relief that concern "the same subject matter" must be raised in the first action because "[a]ny claims for relief concerning the same subject matter that are not raised are thereafter barred under O.C.G.A. § 9-12-40." Bennett v. Cotton, 536 S.E.2d 802, 804 (Ga. Ct. App. 2000). Thus, *res judicata* may not be avoided merely by requesting different relief in a subsequent suit. McBride v. Chilivis, 255 S.E.2d 80, 81 (Ga. Ct. App. 1979). The application of *res judicata* also may not be avoided by the addition of new

parties in a subsequent suit where the new parties' "alleged liability is predicated on the same operative facts and acts of misconduct which were the subject of the original suit." Caswell v. Caswell, 290 S.E.2d 171, 172 (Ga. Ct. App. 1982); see also Medlin v. Carpenter, 329 S.E.2d 159, 162 (Ga. Ct. App. 1985) ("A cause of action is barred by the doctrine of *res judicata* even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added.").

Plaintiff, here, is attempting to relitigate the issues that the Georgia courts already have heard. Plaintiff's state court action included defendants UCA and the Board. The "identity of the parties" prong is satisfied because, though Plaintiff has added Atlanta Public Schools, the State of Georgia, and Derwin Henderson, as defendants in this action, these defendants' alleged liability is based on the "same operative facts and acts of misconduct which were the subject of the original suit." Caswell, 290 S.E.2d at 172 (*res judicata* cannot be avoided by adding new defendants where the alleged acts of misconduct were heard in the previous suit). Plaintiff, in his state court action, asserted causes of action for breach of contract, wrongful termination, and "due process violations." (Am. Compl. at Ex. D, ¶ 24). Despite the addition of equal protection and privacy grounds to his federal action,

9

the second prong of Georgia's *res judicata* test is met because the claims in both actions arise out of Plaintiff's termination and are based on the same facts and allegations of misconduct.  (Am. Compl. ¶¶ 24, 28-29, Ex. D); see Crowe v. Elder, 723 S.E.2d 428, 430-31 (Ga. 2012) (*res judicata* barred a suit for breach of contract when a previous suit for fraud, based on the same facts and same allegations of misconduct, had been dismissed).  Finally, there is no question that the Fulton County Superior Court is a court of competent jurisdiction that could have decided Plaintiff's claims, including his federal claims.  See Tafflin v. Levitt, 493 U.S. 455, 458-60 (1990) (state courts have the inherent authority to adjudicate claims arising under the laws of the United States, and presumptively have jurisdiction over federal questions unless Congress divests them of that jurisdiction).

All three *res judicata* prerequisites under Georgia law are met, and Plaintiff is barred from relitigating these issues in federal court.  See Migra, 465 U.S. 75, 85 (1984) ("Section 1983 . . . does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on his state claims and then turn to federal court for adjudication of his federal claims.").  Because Plaintiff's claims are barred by *res judicata*, his Amended Complaint is frivolous under

Section 1915(e)(2).[2]  See Carroll, 984 F.2d at 393 (holding that a claim is frivolous when it has little or no chance of success).  The Court is thus required to dismiss this action.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint [13] is **DISMISSED** under 28 U.S.C. § 1915(e)(2).

---

[2]  Plaintiff's claim that Georgia's Fair Dismissal Act is unconstitutionally vague also is frivolous because Plaintiff does not plead facts to support that the Act is indefinite.  "[A] civil statute is unconstitutionally vague only if it is so indefinite as 'really to be no rule or standard at all.'"  Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1310 (11th Cir. 2009).  As Judge Totenberg noted regarding the Original Complaint, Plaintiff does not allege that the Act—which provides a detailed due process procedure for terminating or suspending the contract or a teacher—was indefinite as to whether it applied to charter school teachers like himself.  (Order, Sep. 23, 2014, at 6).  Plaintiff seems to allege that the safeguards of the Act were not in fact applied to him because he was a charter school teacher, invoking equal protection principles, not vagueness.  (Id.)  Plaintiff's Amended Complaint does not cure this defect, and Plaintiff's claim that the Act is unconstitutionally vague remains frivolous.

**SO ORDERED** this 19th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE